**CSD 1171.2** [04/06/11]
Name, Address, Telephone No. & I.D. No.

Mark L. Miller, SBN: 171394/Larissa L. Lazarus, SBN: 250293
Law Offices of Mark L. Miller
2341 Jefferson Street, Ste. 100
San Diego, CA 92110
Phone: 619-574-0551/Fax: 619-574-6243
larissa@millerlegalcenter.com

**Order Entered on**
January 17, 2012
**by Clerk U.S. Bankruptcy Court**
**Southern District of California**

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

JOHN AND LINNETTE HEDLEY,

Debtor.

BANKRUPTCY NO. 11-02919-PB13

Date of Hearing: 1/11/2012
Time of Hearing: 1:00 p.m.
Name of Judge: Hon. James W. Meyers

## ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF

GMAC MORTGAGE, LLC

_____

(*Affected Lien Holder*)

_____

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through ___5___ with exhibits, if any, for a total of ___5___ pages, is granted. Motion/Application Docket Entry No. ___36___

//

//

//

//

//

//

DATED:    January 17, 2012

_____
Judge, United States Bankruptcy Court

CSD 1171.2

```
CSD 1171.2 [04/06/11](Page 2)
```

ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF _____ GMAC MORTGAGE, LLC _____

DEBTOR: _____ JOHN AND LINNETTE HEDLEY _____   CASE NO: 11-02919-PB13

The Motion was filed in connection with confirmation of the Debtor's Chapter 13 Plan dated ___ 2/24/2011 ___

("Plan"), to value and avoid the junior deed of trust, mortgage or other encumbrance of _GMAC Mortgage, LLC_

_____ ("Affected Lien Holder"), recorded on _____ 5/17/2006 _____

as instrument number _____ 2006-0346949 _____ in the official records of _SAN DIEGO COUNTY RECORDER_

("Affected Lien") encumbering the real property commonly known as: _3253 Mount Carol Drive, San Diego, CA 92111_

_____ ,

and more fully described as (Insert legal description or attach exhibit) _SEE ATTACHMENT A_

_____ ("Property").

Associated Claim:

☐   The Affected Lien Holder filed a proof of claim on _____ assigned Claim No. _____, which

is associated with the Affected Lien ("Claim"); or

☑   As of the date of this Order, Affected Lien Holder has not filed a proof of claim associated with the Affected

Lien.

The Court having reviewed the Motion and supporting documents, finds that:

1.   Service of the Motion on the Affected Lien Holder appears to comply with Fed. R. Bankr. P. 7004 because it

was accomplished as follows:

☑   By certified mail addressed to a specifically named officer of the Affected Lien Holder under Rule 7004(h);

☑   Upon an individual under Rule 7004(b)(1);

☐   Upon a domestic or foreign corporation or upon a partnership or other unincorporated association under

Rule 7004(b)(3);

☐   Other: _____

2.   The Motion was:   ☑ Unopposed   ☐ Opposed   ☐ Settled by Stipulation

3.   The Property is valued at no more than $_____ 455,000.00 _____;

4.   The total balance owing on the deeds of trust, mortgages or other liens encumbering the Property which are

senior in priority to the Affected Lien is $_____ 472,942.50 _____, which exceeds the value of the Property and the

```
CSD 1171.2
```

**CSD 1171.2** [04/06/11]**(Page 3)**

ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF _____ GMAC MORTGAGE, LLC _____

DEBTOR: _____  CASE NO: 11-02919-PB13

JOHN AND LINNETTE HEDLEY _____

Affected Lien is wholly unsecured.

Therefore, the Claim may be satisfied through the Plan as an unsecured claim pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2);

IT IS ORDERED THAT:

1.   The Claim will be paid pursuant to the Plan as a non-priority general unsecured claim to the extent allowed.  If Affected Lien Holder has not filed a proof of claim, and the deadline to file unsecured claims has expired, Affected Lien Holder has an extension of the deadline until 60 days after the date of entry of this Order;

2.   Upon completion of payments under the confirmed Plan and entry of the resulting discharge, the Affected Lien will be deemed fully satisfied, and Affected Lienholder is required to reconvey and release the Affected Lien.  If the Affected Lien Holder fails to release the Affected Lien within the time required by applicable state law, the Debtor may file a motion requesting an order to extinguish the Affected Lien;

3.   If this case is dismissed or converted to Chapter 7, the Affected Lien Holder shall retain its lien for the full amount due under the corresponding note;

4.   That Debtor's counsel is authorized to add, in connection with Plan Confirmation, the guideline fee as reflected in the Rights and Responsibilities Statement for motions of this type and costs subject to proof.  This determination is without prejudice to Debtor's counsel's right to seek additional fees through fee application.

5.   Additional provisions:

Additional costs awarded for filing and serving Debtor's Motion to Avoid Lien in the amount of $149.82, with a total reward of $599.82. See Declaration by Larissa L. Lazarus.

Signed by Judge James W. Meyers January 17, 2012

JOHN AND LINNETTE HEDLEY

11-02919-PB13

ORDER GRANTING DEBTORS' MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF GMAC MORTGAGE, LLC

## <u>ATTACHMENT A</u>

7421

(O)    "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P)    "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q)    "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA. .

(R)    "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, his Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County

[Type of Recording Jurisdiction]

of San Diego

[Name of Recording Jurisdiction]

LOT 44 CLAIREMONT PARK UNIT NO. 5, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 5398, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MAY 29, 1962.

which currently has the address of
3252 Mount Carol Drive,

[Street]

San Diego          , California 92111          ("Property Address"):

[City]                              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

CALIFORNIA-- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3005 1/01
GMACM - CMS.0003.CA (0001) (Page 3 of 19)          Initials:

Page 3 of 24